NORTHERN INDIANA TELEPHONE COMPANY *v.* UNITED TELEPHONE COMPANIES, INC.

[No. 27,155. Filed March 29, 1939.]

*Gilliom & Gilliom,* and *Donald R. Mote,* for appellant.

*McHale, Arthur & Myers, Bowser & Bowser,* and *Merl M. Wall,* for appellee.

FANSLER, J.—The appellant, whose principal office is at North Manchester, operates a telephone system extending into a number of counties, and operates numerous exchanges, including a local exchange in the town of Claypool. Just before this action was commenced the appellant completed the conversion of its Claypool exchange from manual operation to automatic operation, thereby eliminating the necessity for manual switchboard operators at that exchange. The appellee, whose principal office is in Warsaw, operates a telephone system extending into a number of counties. For a number of years the appellant's manual switchboard at Claypool and the appellee's manual switchboard at Warsaw had been connected by means of a metallic toll circuit consisting of two wires. This line, for a distance of about one mile from Claypool, is owned by the appellant, and the remainder is owned by the appellee. There are several other connections by which toll messages can be routed from appellee's Warsaw switchboard to Claypool via North Manchester and other points. It is impossible to route messages from the appellee's Warsaw exchange directly to appellant's Claypool exchange without maintaining manual operators at Claypool, which are otherwise unnecessary, except by installing an automatic switching connection in the appellee's Warsaw office con-

nected directly with the Claypool automatic exchange.

When the appellant requested the appellee to route toll messages from Warsaw to Claypool over routes other than the direct metallic line referred to, in order that appellant might dispense with operators at the Claypool manual switchboard, appellee brought this action to enjoin appellant from discontinuing service over this line, and, upon the hearing, the appellant was restrained from severing or disconnecting the direct metallic circuit, and from interfering with the continued use of the same by the appellee as it then existed, "until a final hearing of this cause or until the plaintiff (appellee) using due diligence, final action is taken with reference to said matters by the Public Service Commission of Indiana." From this order the appellant has appealed.

Appellant contends that the question involved is one of service, and that courts of equity have no jurisdiction to issue restraining orders or injunctions in such cases. They rely upon *City of Vincennes* v. *Vincennes Traction Co.* (1918), 187 Ind. 498, 120 N. E. 27. But it is unnecessary to consider the question of whether there may be instances in which courts of equity may intervene to prevent a discontinuance of service.

In this case there is no question of discontinuance of service involved. There is only the question of the route over which messages shall be transmitted. Under the arrangement between the parties, the tolls for messages originating within the territory of either party are retained by the originating party, but where messages originate beyond the territory of the parties, and come through the exchanges of one of the parties to the other, the proportion of the toll collectible by the parties is divided in proportion to the length of the lines of each party used in transmission of the message. It appears therefore that the appellee's complaint is that, by routing messages which originate outside of its territory,

but come through its exchanges to Claypool over routes other than the joint metallic circuit referred to, the appellee will receive a less proportion of the toll charges than it would receive if those messages were routed directly over the joint metallic circuit. But these are mere matters of accounting, which may be adjusted from the records after the Public Service Commission has determined the proper method of routing messages, so that if injured the appellee clearly and undoubtedly has a completely adequate remedy. It is not claimed that the appellant was threatening to or intending to discontinue service by which messages could be delivered over its system to the subscribers of the Claypool exchange. Since the parties are required to account to each other for tolls received in any event, delay until the Public Service Commission passes on the question will work no substantial injury. It is conceded by the appellee that the Public Service Commission has sole jurisdiction to determine the merits of the controversy, and it was stated in oral argument that the appellee has a petition for a determination of the question now pending before the Public Service Commission.

The facts were not sufficient to justify a restraining order.

Judgment reversed, with instructions to dissolve the restraining order and enter judgment for the appellant.